UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA  DIVISION

BRUCE HARDNETT

CASE NO.:

     Plaintiff

vs.

CITIBANK N.A.,

     Defendant(s).

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

BRUCE  HARDNETT,  Plaintiff  herein,  files  this  Complaint  against  CITIBANK N.A., defendant(s)[1] herein, and alleges:

1.     This is an action under Title VII of the 1964 Civil Rights Act as amended, 42 U.S.C. Section 2000e-2(a), to 42 U.S.C.§1981 and Florida Civil Rights Act 760.01 et seq. for unlawful employment practices on the basis of race, color, and retaliation. Plaintiff  suffered  said  damages  as  a  result  of  being  subjected  to  race  and  color discrimination  and  from  being  unlawfully  retaliated  against  by  Defendant(s)s  after Plaintiff complained about his treatment on countless occasions and participated in the EEOC process.

## JURISDICTION AND VENUE

2.     Defendant is a Florida corporation or Foreign corporation/entity engaged in trade and commerce and doing and authorized to do business in the State of Florida

---

[1] Citibank N.A., Citi, or Citigroup are used interchangeably as Defendant in this case.

in Hillsborough County, Florida and within this Court's District.

3.      This court has subject matter jurisdiction pursuant to Article III, Section 1 of the U.S. Constitution and 28 U.S.C. sections 1331, 1332 and 1343.

4.      This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

5.      All conditions precedent to jurisdiction have occurred or been complied with. Charges of discrimination were filed with the Equal Employment Opportunity Commission and Florida Commission on Human Relations within three hundred days and three hundred and sixty-five days of the acts complained of herein and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter. (See Exhibit "A" and Exhibit "B")[2]

6.      Venue is proper in U.S. District Court, Tampa Division, Tampa, Florida, because Defendant's principal place of business in Florida is located in Tampa, Hillsborough County, Florida and/or all actions material to the complaint have occurred in Hillsborough County, Florida or within this District.

## PLAINTIFF

7.      The Plaintiff BRUCE HARDNETT is a natural person residing in Hillsborough County Florida and was doing so at all times material to this action.

---

[2] For clarification, Exhibit "A", which is charge number: 511-2019-02717 applies to Counts III, IV, VI, VII, IX and X.  Exhibit "B", which is charge number: 511-2021-00595 applies to Counts XII and XIII.

Plaintiff worked as an Assistant VP with Defendant(s) throughout the Central Florida, but specifically within the Hillsborough County District/Region.

### DEFENDANT(S)

8.    The Defendant(s) CITIBANK N.A., (hereinafter "Defendant(s)" or "CITI" or "CITIGROUP" ) are/is an active for-profit corporation and/or entity doing business in Florida with its principal place of business at 3800 Queen Palm, Dr., Tampa, FL 33610.

### FACTS RELEVANT TO PLAINTIFF'S CAUSES OF ACTIONS AND CLAIMS

9.    At all times relevant to this claims, Plaintiff HARDNETT was an Assistant VP at CITIBANK.  Prior to relocating to Florida, while Plaintiff was in New York, in 2014 he was a member of a team which was instrumental in creating the "Pre-Periodic Review" program.  Plaintiff was informed that the company planned to expand operations of this program to Florida.  In September of 2016 Plaintiff transferred to Tampa for the job and position of implementing the Pre-Periodic Review operations and to help run and train others on the program.  From 2016 through 2017, Plaintiff worked successfully in this position.  Interestingly, all of the persons hired in 2016 as part of the Pre-Periodic Review Team ("PPR") whom HARDNETT trained have been promoted, while Plaintiff is still awaiting a promotion.

10.    On or about July 11, 2017, CITI announced the opening to the equivalent of a Team Leader of the Pre-Periodic Review operations/program and which would have been a promotion for Plaintiff to Vice President.  At the time of the posting Plaintiff was not only qualified for the position but Plaintiff was the most qualified.  On or about July

3

21, 2017, Plaintiff received an email from HR acknowledging and notifying him of receipt of his application and interest in the position.  On or about July 27, 2017 Plaintiff received an email from Dina Saada regarding his interview for the position to which Plaintiff subsequently interviewed for the position on July 28, 2017.

11.    On or about January 17, 2018, Plaintiff received an email from HR of those selected.  The people selected were (1) Christina Klob, White female.  Klob was a Junior Associate when she applied for the job with a mere two (2) years of experience in the Department.  Plaintiff had more experience and qualification than Klob.  (2) Jennifer Vergel, Spanish/White female.  Vergel had less experience and seniority than Plaintiff. (3) Daniel Flores, Spanish/White male.  Flores was hired outside the company and was an external hire.  More importantly, on August 14, 2017, Plaintiff received an email of Flores' hiring which was before the hiring process was even complete. Indeed, Plaintiff had more experience for this position and more seniority within the company than Flores. Moreover, Plaintiff was one of the primary individuals who created the training materials and programs used by the very people hired over Plaintiff for the position.

12.    Additionally, not only was Plaintiff passed over for the promotion and the job, but also, another African-American, female, Michelle Boyd applied and was passed over and she too had more experience and qualifications than those hired.   Plaintiff and BOYD were the most Senior Analyst(s) and the most qualified on the team. Afterwards, throughout 2018 Plaintiff continued to inquire and complain about why he was not promoted to this position and when would he be promoted.

13.    To this point, in mid-2018 there was a Compliant Procedure VP Position which was located in New York.  The company decided to move the responsibilities for that position to Tampa. Instead of moving the position to Tampa, the company decided to promote and hire Carolyn Gibson, white, in a position to take on these responsibilities.  In fact, Plaintiff could have and should have been promoted to this VP position.  He was qualified for the position and was able to perform the responsibilities of the position.  Instead, the company did not even announce the position but instead hired Gibson externally.  Gibson had no experience for the position, had no college degree, was at an Associate Level and was actually promoted approximately two (2) levels to this "created" position.

14.    Additionally, Plaintiff was discriminated due to his race by being given less than favorable or poor evaluations.  Before Plaintiff came to Tampa, Plaintiff received favorable job evaluation(s) in New York. Plaintiff was given bonus(es) due to his work and was even permitted to transfer to Tampa from New York, which would not have been allowed if Plaintiff had received poor evaluations.  However, in January of 2018 and in January 2020 Plaintiff received less than favorable or poor evaluations. To this end, Plaintiff went beyond what was required in the job description. He performed all my duties satisfactorily.  He created multiple training procedures and programs which are still being used, and he even received positive emails from colleagues indicating how well he assisted them.  To this end, the reason for these poor evaluations was because of Plaintiff's race and in retaliation for Plaintiff's continued inquiries into being promoted so as to  prevent Plaintiff from being promoted or from being eligible for

promotions, to negatively affect Plaintiff's bonuses and to hinder Plaintiff's continued advancement(s) at CITIGROUP.

15.     In fact, Randy Wodicka, White male, was hired around September 2018 on the Compliment Procedure Team. Wodicka was a Vice President that transferred from another department. Recently, as of March of 2019 after Plaintiff's manager resigned Wodicka was promoted to the lead manager of Pre-Periodic Review department and now Plaintiff reports to him. This is yet  another VP role that Plaintiff was qualified for but was unable to apply for because of his performance rating and because the position was not made available for his application.

16.     Moreover, Plaintiff's less than favorable or poor evaluation  in December 2018/January 2019 was in part retaliation for Plaintiff going out on and taking short term disability.  Plaintiff was in a serious car accident in September of 2018. Plaintiff was out on short term disability in October and part of November of 2018.  Plaintiff returned to work in November of 2018 and performed his job duties well. Plaintiff had no issues when he returned.  Suddenly, in December 2018/January 2019 Plaintiff received another less than favorable or poor evaluation for no legitimate reason. Plaintiff believes that his less than favorable or poor evaluation was due in part for him being out on short term disability immediately prior to the evaluation.

17.      Additionally, during the EEOC process, Plaintiff was required to file a Rebuttal to Defendant's Position Statement. On or about September 14, 2020 Plaintiff received a copy of the Position Statement of the Respondent CITI.  On or about October 15, 2020 Plaintiff filed a comprehensive Response/Rebuttal to Respondent's Position

Statement in which Plaintiff personally attached a written statement refuting the assertions advanced in the Position Statement.

18.    On or about November 6, 2020, and after the Respondent received notice of Plaintiff's Rebuttal/Response to Respondent's Position Statement, Plaintiff was suddenly placed on a Performance Improvement Plan (PIP).  Being placed on this PIP was without notice, and without justification.   In fact, in August of 2020 Plaintiff had just received an unsolicited gift card and "thank you" note from his manager and team leader [Randy Wodicka] "thanking" Plaintiff for his work and for all that he does/did for the team.  More importantly, according to prior discussions with management, Plaintiff's performance was good.

19.    Interestingly, Plaintiff was the only person [black person] on the team to be placed on a PIP.  To this end, upon information and belief,  Plaintiff is the only person ever been placed on a PIP in that unit or department.   Moreover, before the PIP conversation and Plaintiff being placed on a PIP, during our bi-weekly meetings, there were never any notice, discussions or indication or warning of any kind that such disciplinary and punitive actions would be taken against Plaintiff, which in and of itself violates company policy.   More stunningly, the infractions that were levied against Plaintiff were/are inaccurate, incorrect, without any merit and were/are not supported by any documentation for initiating a PIP. [3]

---

[3] Plaintiff was notified on being placed on PIP on November 6, 2020.  The PIP period was for sixty (60) days, or up until January 6, 2021.  However, as of the filing of this Complaint, there have been no follow-ups, discussions, or assessments with Plaintiff relating to the PIP or any performance issues or improvements.

**COUNT I: <u>VIOLATIONS OF 42 U.S.C. §1981  AGAINST DEFENDANT</u>**

**("Race Discrimination-Failure To Promote For 2017-2018 Opening")**

20.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

21.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-20 set forth above.

22.    HARDNETT is African-American and therefore a member of the protected class and/or is black pursuant to 42 U.S.C. §1981.

23.    At all times material to this action HARDNETT was employed with the CITI under the auspices of employment contract, either express, implied or at-will.

24.    At all times material to this Complaint, Defendant, or Defendant through its agents, representatives, and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981 with fifteen (15) employees and was receiving money from the Federal Government through federal contracts-loans.

25.    The Defendant, CITI deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by intentionally discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment contract by discriminating against Plaintiff with the specific purpose of denying Plaintiff promotion and advancement and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further advancement within CITI.

8

26.     That Defendant CITI has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements, or relationships with CITI, with respect to promoting qualified white employees to positions, which they have applied.

27.     42 U.S.C. §1981(a) states in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by **white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

28.     42 U.S.C. §1981 (b) states in pertinent part, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

29.     Based on the foregoing allegations as set forth in paragraphs 9 through 12, specifically, CITI violated Plaintiff's civil rights under 42 U.S.C. §1981with respect to the "2017-2018 Opening" or "Team Leader of the Pre-Periodic Review operations/program and which would have been a promotion for Plaintiff to Vice President" by subjecting Plaintiff to racial discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3) Plaintiff applied for the position and was denied the position (4) the position was given to a white employee, outside of the Plaintiff's protected class   and (5) Plaintiff was

harmed by the denial of the promotion or advancement opportunity.  As such, Plaintiff was discriminated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE**, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the 42 U.S.C. §1981 and §1988; and non-pecuniary damages afforded under Section 1981; a trial by jury and any other relief this court deems just and proper.

## COUNT II: <u>VIOLATIONS OF 42 U.S.C. §1981  AGAINST DEFENDANT</u>

**("Race discrimination-Failure to Promote For Compliant Procedure Position")**

30.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

31.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 30 set forth above.

32.     HARDNETT is African-American and therefore a member of the protected class and/or is black pursuant to 42 U.S.C. §1981.

33.     At all times material to this action HARDNETT was employed with the CITI under the auspices of employment contract, either express, implied or at-will.

10

34.     At all times material to this Complaint, Defendant, or Defendant through its agents, representatives, and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981 with fifteen (15) employees and was receiving money from the Federal Government through federal contracts-loans.

35.     The Defendant, CITI deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by intentionally discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment contract by discriminating against Plaintiff with the specific purpose of denying Plaintiff promotion and advancement and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further advancement within CITI.

36.     That Defendant CITI has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements, or relationships with CITI, with respect to promoting qualified white employees to positions, which they have applied.

37.     42 U.S.C. §1981(a) states in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by **white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

38.     42 U.S.C. §1981 (b) states in pertinent part, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

39.     Based on the foregoing allegations as set forth in paragraph 13 specifically, CITI violated Plaintiff's civil rights under 42 U.S.C. §1981 with respect to the "Compliant Procedure Position" by subjecting Plaintiff to racial discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3)  Plaintiff was denied the position and denied the opportunity to even apply for the position (4) the position was given to a white employee, outside of the Plaintiff's protected class  and (5) Plaintiff was harmed by the denial of the promotion or advancement opportunity.  As such, Plaintiff was discriminated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE**, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the 42 U.S.C. §1981 and §1988; and non-pecuniary damages afforded under Section 1981; a trial by jury and any other relief this court deems just and proper.

## COUNT III: <u>VIOLATIONS OF TITLE VII  AGAINST DEFENDANT</u>

**("Race discrimination-Failure to Promote For Compliant Procedure Position")**

40.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

41.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 40 set forth above.

42.     Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under Title VII have been met.

43.     Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

44.     Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e-2(a).

45.     Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e-2(a).

46.     Plaintiff, a black male, was subjected to **discrimination** because of his race and color in that Plaintiff was subjected to ongoing and constant **racial discrimination,**

**including failure to be promoted** in that he was denied promotion due to his race as described in paragraphs 13 above.

47.     To this end, Plaintiff was subjected to discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3)   Plaintiff denied the position and denied the opportunity to even apply for the position (4) the position was given to a white employee, outside of the Plaintiff's protected class  and (5) Plaintiff was harmed by the denial of the promotion or advancement opportunity.

48.     As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, lost benefits, lost income including back pay and front pay, prejudgment interest, attorney's fees, and costs pursuant to Title VII, punitive damages, a trial by jury and any other relief this court deems just and proper.

## COUNT IV: VIOLATIONS OF FCRA 760.01 AGAINST DEFENDANT

**("Race discrimination-Failure to Promote For Compliant Procedure Position")**

49.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

50.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-29 and 49 set forth above.

51.     Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FCRA 760.01et seq.,  have been met.

52.     Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

53.     Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of the FCRA 760.01et seq.,

54.     Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of the FCRA et seq.,

55.     Plaintiff, a black male, was subjected to **discrimination** because of his race and color in that Plaintiff was subjected to ongoing and constant **racial discrimination, including failure to be promoted** in that he was denied promotion due to his race as described in paragraphs 13 above.

56.     To this end, Plaintiff was subjected to discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3)  Plaintiff was denied the position and denied the opportunity to even apply for the position (4) the position was given to a white employee, outside of the Plaintiff's protected class  and (5) Plaintiff was harmed by the

denial of the promotion or advancement opportunity.

57.     As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, lost benefits, lost income including back pay and front pay, prejudgment interest, attorney's fees, and costs pursuant to the FCRA 760.01 et seq, punitive damages, a trial by jury and any other relief this court deems just and proper.

## COUNT V: <u>VIOLATIONS OF 42 U.S.C. §1981  AGAINST DEFENDANT</u>

### ("Race discrimination and Retaliation Regarding Performance Evaluations")

58.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

59.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 58 set forth above.

60.     HARDNETT is African-American and therefore a member of the protected class and/or is black pursuant to 42 U.S.C. §1981.

61.     At all times material to this action HARDNETT was employed with the CITI under the auspices of employment contract, either express, implied or at-will.

62.     At all times material to this Complaint, Defendant, or Defendant through its agents, representatives, and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981 with fifteen

(15) employees and was receiving money from the Federal Government through federal contracts-loans.

63.     The Defendant, CITI deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by intentionally discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment contract by discriminating and retaliating against Plaintiff with the specific purpose of denying Plaintiff promotion and advancement and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further advancement within CITI.

64.     That Defendant CITI has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements, or relationships with CITI, with respect to given them poor evaluations after they have complaints of unfair or discriminatory treatment with respect to being promoted.

65.     42 U.S.C. §1981(a) states in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by **white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

66.     42 U.S.C. §1981 (b) states in pertinent part, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification,

and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

67.     Based on the foregoing allegations as set forth in paragraph <u>14</u> specifically, CITI violated Plaintiff's civil rights under 42 U.S.C. §1981 with respect to subjecting Plaintiff to racial discrimination and retaliation in that Plaintiff exercised his rights by complaining on numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted. Plaintiff's complaints constituted "protected activity".   After Plaintiff complained, Plaintiff was given multiple unfavorable performance evaluations, although the Plaintiff was performing at a high level.

68.     There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him.   In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant.   As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.    As such, Plaintiff was discriminated against in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE**, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the 42 U.S.C. §1981 and §1988; and non-pecuniary damages afforded under Section 1981; a trial by jury and any other relief this court deems just and proper.

**COUNT VI: <u>VIOLATIONS OF TITLE VII  AGAINST DEFENDANT</u>**

**("Race Discrimination and Retaliation Regarding Performance Evaluations")**

69.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

70.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 69 set forth above.

71.     Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under Title VII have been met.

72.     Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

73.     Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of Title VII

19

74.     Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of Title VII.

75.     Based on the foregoing allegations as set forth in paragraph 14 specifically, CITI violated Plaintiff's civil rights under Title VII with respect to subjecting Plaintiff to racial discrimination and retaliation in that Plaintiff exercised his rights by complaining on numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted.  Plaintiff's complaints constituted "protected activity".   After Plaintiff complained, Plaintiff was given multiple unfavorable performance evaluations, although the Plaintiff was performing at a high level.

76.     There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him.  In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant.  As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.   As such, Plaintiff was discriminated against in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE**, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the Title VII and §1988; and non-pecuniary damages afforded under Title VII; a trial by jury and any other relief this court deems just and proper.

**COUNT VII: <u>VIOLATIONS OF THE FCRA 760.01  AGAINST DEFENDANT</u>**

**("Race Discrimination and Retaliation Regarding Performance Evaluations")**

77.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

78.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 77 set forth above.

79.     Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FCRA 760.01 et seq., have been met.

80.     Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

81.     Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of the FCRA 760.01 et seq.,

21

82.    Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of Title VII.

83.    Based on the foregoing allegations as set forth in paragraph 14 specifically, CITI violated Plaintiff's civil rights under the FCRA 760.01 et seq., with respect to subjecting Plaintiff to racial discrimination and retaliation in that Plaintiff exercised his rights by complaining on numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted.    Plaintiff's complaints constituted "protected activity".    After Plaintiff complained, Plaintiff was given multiple unfavorable performance evaluations, although the Plaintiff was performing at a high level.

84.    There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him.  In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant.  As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.    As such, Plaintiff was discriminated against in the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE**, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the FCRA 760.01 et seq., and §1988; and non-pecuniary damages afforded under the FCRA 760.01 et seq., a trial by jury and any other relief this court deems just and proper.

**COUNT VIII: <u>VIOLATIONS OF 42 U.S.C. §1981  AGAINST DEFENDANT</u>**

**("Race discrimination-Failure to Promote to Leader of Pre-Periodic Review Dept.")**

85.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

86.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 85 set forth above.

87.    HARDNETT is African-American and therefore a member of the protected class and/or is black pursuant to 42 U.S.C. §1981.

88.    At all times material to this action HARDNETT was employed with the CITI under the auspices of employment contract, either express, implied or at-will.

89.    At all times material to this Complaint, Defendant, or Defendant through its agents, representatives, and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981 with fifteen (15) employees and was receiving money from the Federal Government through federal contracts-loans.

90.     The Defendant, CITI deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by intentionally discriminating against Plaintiff with respect to the benefits, rights, privileges, terms and conditions of his employment contract by discriminating against Plaintiff with the specific purpose of denying Plaintiff promotion and advancement and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further advancement within CITI.

91.     That Defendant CITI has never on any other occasions acted in such a manner with white former or current employees who have entered into such or similar employment related contract(s), agreements, or relationships with CITI, with respect to promoting qualified white employees to positions, which they have applied.

92.     42 U.S.C. §1981(a) states in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by **white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

93.     42 U.S.C. §1981 (b) states in pertinent part, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

94.     Based on the foregoing allegations as set forth in paragraph 15 specifically, CITI violated Plaintiff's civil rights under 42 U.S.C. §1981 with respect to the "VP-

24

Manager of the Pre-Periodic Review Department" by subjecting Plaintiff to racial discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3) Plaintiff was denied the position and denied the opportunity to even apply for the position (4) the position was given to a white employee, outside of the Plaintiff's protected class  and (5) Plaintiff was harmed by the denial of the promotion or advancement opportunity.  As such, Plaintiff was discriminated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

**WHEREFORE,** HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the 42 U.S.C. §1981 and §1988; and non-pecuniary damages afforded under Section 1981; a trial by jury and any other relief this court deems just and proper.

### COUNT IX: <u>VIOLATIONS OF TITLE VII  AGAINST DEFENDANT</u>

**("Race discrimination-Failure to Promote to Leader of Pre-Periodic Review Dept.")**

95.     Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

96.     HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 95 set forth above.

97.     Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under Title VII have been met.

98.     Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

99.     Defendant(s) by and through Defendant's agents, discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of 42 U.S.C. Section 2000e-2(a).

100.    Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of 42 U.S.C. Section 2000e-2(a).

101.    Plaintiff, a black male, was subjected to **discrimination** because of his race and color in that Plaintiff was subjected to ongoing and constant **racial discrimination, including failure to be promoted** in that he was denied promotion due to his race as described in paragraphs 15 above.

102.    To this end, Plaintiff was subjected to discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3)  Plaintiff was denied the position and denied the opportunity to even apply for the position (4) the position was given to a white

employee, outside of the Plaintiff's protected class and (5) Plaintiff was harmed by the denial of the promotion or advancement opportunity.

103.    As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, lost benefits, lost income including back pay and front pay, prejudgment interest, attorney's fees, and costs pursuant to Title VII, punitive damages, a trial by jury and any other relief this court deems just and proper.

**COUNT X: <u>VIOLATIONS OF THE FCRA 760.01  AGAINST DEFENDANT</u>**

**("Race discrimination-Failure to Promote to Leader of Pre-Periodic Review Dept.")**

104.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

105.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 104 set forth above.

106.    Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FCRA 760.01et seq.,  have been met.

107.    Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices involving Plaintiff because of his race and color.

108.    Defendant(s) by and through Defendant's agents, discriminated against

Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of the FCRA 760.01et seq.,

109.    Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of the FCRA et seq.,

110.    Plaintiff, a black male, was subjected to **discrimination** because of his race and color in that Plaintiff was subjected to ongoing and constant **racial discrimination, including failure to be promoted** in that he was denied promotion due to his race as described in paragraphs 15 above.

111.    To this end, Plaintiff was subjected to discrimination in that (1) Plaintiff was qualified for the job (2) Plaintiff was equally qualified as or more qualified than the person(s) hired or considered (3)  Plaintiff was denied the position and denied the opportunity to even apply for the position (4) the position was given to a white employee, outside of the Plaintiff's protected class  and (5) Plaintiff was harmed by the denial of the promotion or advancement opportunity.

112.    As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.

**WHEREFORE**, Plaintiff demands the following relief: compensatory damages, lost benefits, lost income including back pay and front pay, prejudgment interest, attorney's fees, and costs pursuant to the FCRA 760.01 et seq, punitive damages, a trial by jury and any other relief this court deems just and proper.

**COUNT XI: <u>VIOLATIONS OF 42 U.S.C. §1981  AGAINST DEFENDANT</u>**

**("Discrimination and Retaliation Regarding Being Placed of PIP")**

113.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

114.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 113 set forth above.

115.    HARDNETT is African-American and therefore a member of the protected class and/or is black pursuant to 42 U.S.C. §1981.

116.    At all times material to this action HARDNETT was employed with the CITI under the auspices of employment contract, either express, implied or at-will.

117.     At all times material to this Complaint, Defendant, or Defendant through its agents, representatives, and employees, who were acting in the course and scope of their employment, was/is an employer within the meaning of Section 1981 with fifteen (15) employees and was receiving money from the Federal Government through federal contracts-loans.

118.    The Defendant, CITI deprived Plaintiff of his civil rights under 42 U.S.C. § 1981 by intentionally discriminating and retaliating against Plaintiff with respect to the benefits, rights, privileges, terms, and conditions of his employment contract by

retaliating against Plaintiff with the specific purpose of denying Plaintiff promotion and advancement and causing Plaintiff further harm and with the purpose of adversely affecting Plaintiff's ability to gain future and further advancement within CITI.

119.    That Defendant CITI has never on any other occasions acted in such a manner with similarly white former or current employees who have entered into such or similar employment related contract(s), agreements, or relationships with CITI, with respect to retaliating against them and placing them on a "performance improvement plans" (PIP) after they have complaints of unfair or discriminatory treatment with respect to being promoted and participating in the EEOC process.

120.    42 U.S.C. §1981(a) states in pertinent part, "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by **white citizens**, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."

121.    42 U.S.C. §1981 (b) states in pertinent part, "For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

122.    Based on the foregoing allegations as set forth in paragraphs <u>17 thru 19</u> specifically, CITI violated Plaintiff's civil rights under 42 U.S.C. §1981 with respect to subjecting Plaintiff to retaliation in that Plaintiff exercised his rights by complaining on

numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted and participated in the EEOC process.  Plaintiff's complaints and participation in the EEOC process constituted "protected activity".  After Plaintiff complained and participated in the EEOC process, Plaintiff was placed on a PIP.   Plaintiff, the only black employee on the PPR team was the only person ever placed on a PIP.  Indeed, the main conduct for which (s) Plaintiff was placed on the PIP similarly situated non-black (white and Latino) employees-colleagues engaged in the exact same conduct yet were not placed on a PIP.

123.    There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him.  In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant and participating in the EEOC process.   As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.    As such, Plaintiff was retaliated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

WHEREFORE,  HARDNETT  demands  the  following  relief:  compensatory damages,  emotional  pain,  suffering,  inconvenience,  mental  anguish,  loss  of  the

enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the 42 U.S.C. §1981 and §1988; and non-pecuniary damages afforded under Section 1981; a trial by jury and any other relief this court deems just and proper.

## COUNT XII: <u>VIOLATIONS OF TITLE VII  AGAINST DEFENDANT</u>

### ("Discrimination and Retaliation Regarding Being Placed of PIP")

124.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

125.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 124 set forth above.

126.    Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under Title VII have been met.

127.    Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices by discriminating against Plaintiff and retaliating against Plaintiff for engaging in protected activities.

128.    Defendant(s) by and through Defendant's agents, discriminated against and retaliated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of Title VII

129.    Defendant, by and through Defendant's agents, classified Plaintiff in a

manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of Title VII. Plaintiff, the only black employee on the "team" was the only person ever placed on a PIP. Indeed, the main conduct for which (s) Plaintiff was placed on the PIP similarly situated non-black (white and Latino) employees-colleagues engaged in the exact same conduct yet were not placed on a PIP.

130.    Based on the foregoing allegations as set forth in paragraphs <u>17 thru 19</u> specifically, CITI violated Plaintiff's civil rights under Title VII with respect to subjecting Plaintiff to retaliation in that Plaintiff exercised his rights by complaining on numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted and participated in the EEOC process. Plaintiff's complaints and participation in the EEOC process constituted "protected activity". After Plaintiff complained and participated in the EEOC process, Plaintiff was placed on a PIP. Indeed, Plaintiff was the only person ever placed on a PIP.

131.    There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him. In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant and participating in the EEOC process. As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of

life, emotional pain and suffering, and severe emotional distress and anguish.    As such, Plaintiff was retaliated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

WHEREFORE, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to Title VII and §1988; and non-pecuniary damages afforded under Title VII; a trial by jury and any other relief this court deems just and proper.

**COUNT XIII: <u>VIOLATIONS OF THE FCRA 760.01  AGAINST DEFENDANT</u>**

**("Discrimination and Retaliation Regarding Being Placed of PIP")**

132.    Plaintiff adopts by reference, as if set out fully and completely in this Count, the following statements of this Complaint:  Paragraphs 1 through 19.

133.    HARDNETT repeats, re-alleges and incorporates paragraphs 1-19 and 134 set forth above.

134.    Plaintiff has exhausted his administrative remedies as described in paragraph 5 above and therefore all conditions precedent to filing suit under the FCRA 760.01 et seq., have been met.

135.    Defendant(s) by and through Defendant's agents, engaged in unlawful employment practices discriminating against and by retaliating against Plaintiff for

participating in protected activities.

136.   Defendant(s) by and through Defendant's agents, discriminated against and retaliated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated, or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's race and color in violation of the FCRA 760.01 et seq.,

137.   Defendant, by and through Defendant's agents, classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to other non-black employees similarly situated in violation of the FCRA 760.01 et seq.,. Plaintiff, the only black employee on the "team" was the only person ever placed on a PIP.   Indeed, the main conduct for which (s) Plaintiff was placed on the PIP similarly situated non-black (white and Latino) employees-colleagues engaged in the exact same conduct yet were not placed on a PIP.

138.   Based on the foregoing allegations as set forth in paragraphs 17 thru 19 specifically, CITI violated Plaintiff's civil rights under the FCRA 760.01 et seq., with respect to subjecting Plaintiff to retaliation in that Plaintiff exercised his rights by complaining on numerous occasions and opposing a racial discriminatory practice against his person because of his race and color with respect to being promoted and participated in the EEOC process.  Plaintiff's complaints and participation in the EEOC process constituted "protected activity".  After Plaintiff complained and participated in

the EEOC process, Plaintiff was placed on a PIP.  Indeed, Plaintiff was the only person ever placed on a PIP.

139.   There was a direct casual connection between Plaintiff's protected activities and Defendant's subsequent adverse actions against him.  In fact, if Plaintiff would have known he would be retaliated against this would have dissuaded Plaintiff from complaining about discriminatory and unfair conduct by the Defendant and participating in the EEOC process.   As a direct and proximate result of the aforementioned violations, Plaintiff has suffered injuries, loss of income, loss of benefits, loss of reputation, embarrassment and humiliation, inconvenience, loss of enjoyment of life, emotional pain and suffering, and severe emotional distress and anguish.    As such, Plaintiff was retaliated against in  the making and enforcement of his employment contract and employment relationship, including the performance, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship between Plaintiff and CITI.

WHEREFORE, HARDNETT demands the following relief: compensatory damages, emotional pain, suffering, inconvenience, mental anguish, loss of the enjoyment of life, lost benefits, future pecuniary losses, punitive damages, prejudgment interest, attorney's fees, and costs pursuant to the FCRA 760.01 et seq., and §1988; and non-pecuniary damages afforded under the FCRA 760.01 et seq.,; a trial by jury and any other relief this court deems just and proper.

**DATED this the 8th  day of March 2021.**

By: **/S/ Frank T. Allen**
FRANK T. ALLEN, ESQUIRE
Florida Bar No.: 0033464
**THE ALLEN FIRM, P.A.**
A Professional Association
2582 Maguire Rd., Suite 130
OCOEE, FL 34761
Tel. (407) 481-8103
Fax (407) 481-0009
E-Mail: Fallen@TheAllenFirmPA.com
Trial Counsel and Attorneys for Plaintiff


/S/ Bruce Hardnett
BRUCE HARDNETT, Plaintiff